M. J. BREITENBACH CO. v. SPANGENBERG et al.

(Circuit Court, S. D. New York.   June 15, 1904.)

1. TRADE-MARKS—DESCRIPTIVE OR ARBITRARY NAME.
    The name "Pepto-Mangan," as applied to a medicinal preparation, is apparently arbitrary and fanciful, rather than merely descriptive, and, in the absence of evidence to the contrary, must be assumed to be one which may be lawfully appropriated as a trade-mark.

2. SAME—UNFAIR COMPETITION.
    A bill alleging that defendants make a medicinal preparation similar to one sold by complainant, which they have given a similar name, and have supplied to customers asking for complainant's preparation, states a cause of action.

In Equity.   Suit for infringement of trade-mark and for unfair competition.   On demurrer to bill.

Philip Carpenter and Frank Parker Ufford, for complainant.
Frederick C. McLaughlin and Fred. L. Chappell, for defendants.

HOLT, District Judge.   I do not think that the name "Pepto-Mangan" is simply descriptive, within the meaning of that term in the law of trade-marks.   It seems, if analyzed by a person familiar with the Greek and German languages, somewhat descriptive, but I think it would seem to the general public to be an artificial and manufactured word.   The complaint alleges that the inventor "adopted the arbitrary and fanciful words 'Pepto-Mangan' as the trade-mark and trade-name" by which to designate his preparation, and the demurrer formally admits this allegation.   Evidence possibly might lead to a different conclusion, but on this demurrer I think it clear that the court cannot assume that the term "Pepto-Mangan" is purely descriptive, but must assume that it is an arbitrary and fanciful trade-mark.   That being so, it is not at all clear, under the authorities, that the defendants did not infringe the rights of the complainant when they adopted as the name of their preparation "Pepto-Manganate of Iron and Cascara."   Moreover, the complaint alleges that the defendants have substituted their tablets, and supplied them to customers who have asked at their store for the complainant's "Pepto-Mangan."   This allegation is formally admitted by the demurrer, and constitutes a legal cause of action, which, if supported by evidence, would authorize a recovery.   Undoubtedly some of the facts alleged in the complaint do not constitute any legal cause of complaint, but I think that it is impossible to hold, upon this demurrer, that no cause of action whatever is alleged.

Demurrer overruled, with leave to defendants to answer within 20 days on payment of costs.

¶ 1. Arbitrary, descriptive, or fictitious character of trade-marks or trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.

¶ 2. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.